IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WESLEY McCOY, #1687741 | § | |
| | § | CIVIL ACTION NO. 6:22cv100 |
| VS. | | CONSOLIDATED WITH |
| | § | CIVIL ACITON 6:22cv101 |
| DAVID A. STEBBINS, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Wesley McCoy, a prisoner confined at the Allred Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On March 24, 2022, the undersigned issued the first deficiency order, (Dkt. #6), directing Plaintiff to submit a new motion for leave to proceed *in forma pauperis* with a certified data sheet from the prison within thirty days of receipt of that order. Plaintiff subsequently filed a new motion to proceed *in forma pauperis*, (Dkt. #8), but again failed to attach a certified data sheet from the prison. As a result, the undersigned construed that motion as one seeking an extension of time to comply with the March 24, 2022, order—and granted the same, directing Plaintiff to file a new, completed application and a properly certified data sheet no later than May 27, 2022, (Dkt. #10).

Plaintiff McCoy submitted his third motion for leave to proceed *in forma pauperis* on April 22, 2022, (Dkt. #11). Once again, Plaintiff failed to submit a certified data sheet from the prison. In the interests of justice because Plaintiff was clearly attempting to prosecute his case, the

1

undersigned issued a second extension of time in which to comply with the original March deficiency order. In this extension, the undersigned reminded Plaintiff that commissary receipts do not suffice and directed him to submit a new motion with a properly certified data sheet no later than July 6, 2022. Plaintiff was warned that this order constituted the final extension of time and that no further extensions would be granted—and that the failure to comply may result in the dismissal of the lawsuit, (Dkt. #14).

Docketed on July 5, 2022, Plaintiff submitted his fourth motion for leave to proceed *in forma pauperis*, (Dkt. #17). Plaintiff did not attach a certified data sheet. Despite multiple extensions that included specific directions, Plaintiff never submitted a properly certified data sheet as directed.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court.  Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant.").  The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff McCoy failed to comply with an order of the Court after multiple extensions of time. Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 11th day of July, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE